**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-1156**

---

EDWINA C. ROGERS,

              Plaintiff - Appellant,

     v.

JON DEANE, CPA; GAFFEY DEANE TALLEY, PLLC, a successor in part to Murphy Deane & Company, PLC,

              Defendants - Appellees.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (1:13-cv-00098-GBL-TRJ)

---

Submitted: October 27, 2014       Decided: November 6, 2014

---

Before SHEDD, KEENAN, and WYNN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Steven L. Gremminger, Steven M. Oster, GREMMINGER LAW FIRM, Washington, D.C., for Appellant. Dennis J. Quinn, Kristine M. Ellison, CARR MALONEY PC, Washington, D.C., for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edwina C. Rogers appeals from the district court's orders dismissing her amended complaint and granting summary judgment to Defendants on her second amended complaint alleging claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and statutory business conspiracy. Rogers argues on appeal that the district court erred in granting summary judgment to Defendants on her claims for breach of contract and statutory business conspiracy under Virginia law. Rogers also argues that the district court erred in granting summary judgment to Defendants without granting her request for the opportunity to conduct discovery. We affirm.

We review de novo the district court's award of summary judgment and view the facts in the light most favorable to the non-moving party. Woollard v. Gallagher, 712 F.3d 865, 873 (4th Cir.), cert. denied, 134 S. Ct. 422 (2013). "Summary judgment is appropriate only if the record shows 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(a)).

The relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty

2

<u>Lobby, Inc.</u>, 477 U.S. 242, 251-52 (1986). To withstand a summary judgment motion, the non-moving party must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact for trial. See <u>Thompson v. Potomac Elec. Power Co.</u>, 312 F.3d 645, 649 (4th Cir. 2002) ("Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-moving party's] case." (internal quotation marks omitted)). We will uphold the district court's grant of summary judgment unless a reasonable jury could return a verdict for the non-moving party on the evidence presented. See <u>EEOC v. Cent. Wholesalers, Inc.</u>, 573 F.3d 167, 174-75 (4th Cir. 2009). Additionally, we may affirm on any ground presented in the record, even if it was not the basis on which the district court relied in granting summary judgment. <u>Bryant v. Bell Atl. Md., Inc.</u>, 288 F.3d 124, 132 (4th Cir. 2002).

We conclude after review of the record and the parties' briefs that the district court did not reversibly err in granting summary judgment to Defendants on Rogers' claims for breach of contract and statutory business conspiracy. Summary judgment was properly granted to Defendants on Rogers' claim for breach of contract because it is clear from the evidence of record that the damages Rogers alleged were not caused by Defendants' breach of a valid contract. See <u>Filak v. George</u>,

3

594 S.E.2d 610, 614 (Va. 2004) (listing the elements of a breach of contract action); see also Snyder-Falkinham v. Stockburger, 457 S.E.2d 36, 39 (Va. 1995) (listing the essential elements of a valid contract); Valjar, Inc. v. Maritime Terminals, Inc., 265 S.E.2d 734, 737 (Va. 1980) ("A contract cannot exist if the parties never mutually assented to terms proposed by either as essential to an accord."); Roanoke Hosp. Ass'n v. Doyle & Russell, Inc., 214 S.E.2d 155, 160 (Va. 1975) (distinguishing types of damages available in a contract action).

Summary judgment also was properly granted to Defendants on Rogers' claim under Va. Code Ann. §§ 18.2-499 & -500 (LexisNexis 2014) for business conspiracy. The district court correctly determined that Defendants were entitled to judgment as a matter of law on this claim because the record lacks evidence that Defendants acted with legal malice toward Rogers' business. See Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co., 108 F.3d 522, 526 (4th Cir. 1997) (noting the elements a plaintiff must establish by clear and convincing evidence to prevail on a claim of business conspiracy under Va. Code. Ann. §§ 18.2-499 & -500); Simmons v. Miller, 544 S.E.2d 666, 677 (Va. 2001) (stating that the element of legal malice requires proof that "the defendant acted intentionally, purposefully, and without lawful justification").

Next, we conclude the district court did not reversibly err in granting summary judgment to Defendants without granting Rogers' request under Fed. R. Civ. P. 56(d) for the opportunity to conduct depositions. The rule requires "that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." Nguyen v. CNA Corp., 44 F.3d 234, 242 (4th Cir. 1995) (addressing predecessor to Rule 56(d)) (internal quotation marks omitted). Requests pursuant to the rule should be denied, however, "if the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." Ingle v. Yelton, 439 F.3d 191, 195 (4th Cir. 2006) (addressing predecessor to Rule 56(d)) (internal quotation marks omitted). The record in this case does not suggest any basis for concluding that the discovery Rogers sought would have created genuine issues of material fact precluding the granting of summary judgment on Rogers' claims for breach of contract and statutory business conspiracy.

Finally, Rogers filed during the pendency of this appeal a motion to supplement the record that requests that we take judicial notice of an order of the Virginia Board of Accountancy ("Board") reprimanding Defendant Deane. Defendants oppose the motion on the ground that the Board's order does not

5

meet any of the requirements for judicial notice under Fed. R. Evid. 201 and request that we issue sanctions against Rogers' counsel for their vexatious conduct in filing the motion.

Rogers' request for supplementation of the record fails as unnecessary. Although we have the authority under Fed. R. App. P. 10(e)(2) and 4th Cir. R. 10(d) to order that the record be supplemented with the Board's order, there is no need to do so in this case because the order was not presented to or considered by the district court in the proceedings below and thus had no bearing on any of its rulings. Further, only indisputable facts are subject to judicial notice. Fed. R. Evid. 201(b); United States v. Zayyad, 741 F.3d 452, 463-64 (4th Cir. 2014). Although the filing by the Board of an order reprimanding Deane is indisputable, the factual findings contained therein are not.

We therefore deny Rogers' motion to supplement and request for judicial notice. We further deny Defendants' request for sanctions. We affirm the district court's judgment and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED